UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,                                                        Case No.: 6:23-bk-05281-TPG

    Debtor.                                                                              Chapter 7
_____/

TODD ELLIS,

    Plaintiff,

v.                                                                                            Adv. No.: 6:24-ap-00030-TPG

STEPHEN L. PHELPS, et al.,

    Defendant.
_____/

**MOTION TO DISMISS**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

    If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

    If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

    You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Defendants, Stephen L. Phelps ("Debtor") Betty Corrine Ferrero a/k/a Beth Sobol, Eunice Loreanna Phelps, and Joshua Phelps move the Court for entry of an Order dismissing Count II pursuant to F. R. B. P. 7012 and Fed. R. Civ. P. 12(b)(6) on the grounds that the Plaintiff failed to state a claim upon which relief can be granted and in support say:

## Background

1. On December 15, 2023, the Debtor filed a voluntary petition commencing this adversary case as a case under Chapter 7.

2. On March 18, 2024, Todd Ellis ("Ellis") filed the Complaint in this adversary proceeding titled "Complaint Seeking to Determine Dischargeability of Indebtedness Pursuant to 11 USC 523(a)(2)(A) and for Other Relief." (the "Complaint") (Doc. 1).

3. The Complaint seeks relief in two counts. Count I seeks a determination that a claim that Ellis asserts against the Debtor should be excepted from the Debtor's discharge pursuant to 11 U. S. C. §523(a)(2). Count II seeks relief under Florida state law pursuant to Fla. Stat. §§501.201-501.213.

4. The Complaint alleges that Plaintiff paid funds to FSD Hot Rod Ranch, LLC to purchase a motor vehicle and Platintiff did not receive the motor vehicle. There are no contracts relating to the purchase and sale attached to the Complaint nor is there a bill of sale attached to the Complaint.

5. Defendants view the claim, at most, as a breach of contract claim against FSD but will respond to the substance of the claim after the Court rules on the Motion to Dismiss.

## Motion to Dismiss as to Count II

Count II is a claim for Violation of Florida's Deceptive and Unfair Trade Practices Act against both defendants. It is a claim under Florida state law pursuant to Fla. Stat. §§501.201-

501.213.  Count II does not assert any claims under the Bankruptcy Code.  There is not a single allegation in Count II that seeks an exception to discharge under any provision of 11 U. S. C. §523 or objects the Debtor's discharge under any provision of 11 U. S. C. §727.

The relief sought in Count II is "a judgment…for an amount to be determined at trial, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. §501.211(1) and 501.2105."  In the wherefore clause of Count II, Ellis also "reserves the right to seek leave of court to assess punitive damages against Defendants."

The only claims that a creditor can bring in a Chapter 7 case are claims for an exception to discharge under 11 U. S. C. §523 or an objection to discharge under 11 U. S. C. §727.  Count II does not seek either form of relief.  Therefore, Count II of the Complaint is due to be dismissed for failing "to properly plead any §523 (or any other bankruptcy) cause of action."[1]

**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
P. O. Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058
Primary e-mail: chip@herronhilllaw.com
Secondary e-mail: elizabeth@herronhilllaw.com

Attorneys for Stephen L. Phelps, Betty Corrine Ferrero, Eunice Loreanna Phelps and Joshua Phelps

---

[1] *Hospitality Innovations, LLC, et al v. Gaskin*, 6:11-ap-00016-KSJ (Doc. 27).